IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE DOUGLAS MYERS | Civil Action No. ELH-17-149

**MEMORANDUM OPINION**

Douglas Myers, the self-represented debtor/appellant, appeals two orders issued by the United States Bankruptcy Court for the District of Maryland in bankruptcy case RAG-10-28695. *See* ECF 1 (Notice of Appeal); ECF 2 (Record on Appeal); ECF 4 (Appellant's Brief); *see also* ECF 2-15 (Amended Order dismissing bankruptcy case).[1] In particular, Myers appeals the bankruptcy court's orders with respect to two motions that he filed in 2016, more than five years after his bankruptcy case was dismissed. They are: "Order Denying Motion to Reconsider" (ECF 2-27) and "Order Denying Motion to Vacate Order Dismissing Case." ECF 2-28.

Gerard Vetter, who was then the Interim Chapter 13 Trustee, opposed Myers's attempt to reopen bankruptcy case. *See* ECF 2-22 (Trustee's Opposition to Motion to Reopen Case) ("Opposition"). But, no brief has been filed by the trustee in this Court, and the time to do so has expired. *See* Fed. R. Bankr. P. 8018 (providing appellee thirty days to file an appeal after service of appellant's brief).

Pursuant to Fed. R. Bankr. P. 8019, Myers has asked the Court to hold a hearing on his appeal. ECF 5. However, no hearing is necessary because the facts and legal contentions are adequately presented in appellant's brief and on review of the record on appeal, and a hearing

---

[1] Unless otherwise noted, citations are to filings in this case, not the bankruptcy case. However, many of the filings in this case were also filed in the bankruptcy case.

would not aid the decisional process. *See* Fed. R. Bankr. P. 8019(b)(3); *see also* Local Rule 105.6.

For the reasons that follow, I shall affirm the orders of the bankruptcy court.

**I.    Factual and Procedural Background[2]**

On August 16, 2010, Myers filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code. ECF 2-1 ("Petition"). In the Petition, Myers estimated that he had between one and forty-nine creditors and that he had between $1,000,001 and $10 million in liabilities. *Id.* at 1. Moreover, Myers indicated that he had filed two bankruptcy cases within the past ten years, *i.e.*, cases NVA-08-18255 and RAG-08-20990. ECF 2-1 at 2. But, the Clerk of the Bankruptcy Court made an entry on the docket of the case clarifying that, since 1987, Myers had filed seven bankruptcy cases in this District. *See docket*, RAG-10-28695.

Pursuant to 11 U.S.C. § 341, on August 17, 2010, the Clerk of the Bankruptcy Court set the meeting of creditors for September 30, 2010. Thereafter, on October 5, 2010, Ellen Cosby, who was then the Chapter 13 Trustee, moved to dismiss the case (ECF 2-5), stating that Myers

---

[2] I incorporate by reference the Background set out in my opinions in *Myers v. CFG Cmty. Bank*, ELH-16-3220, ECF 3 (Oct. 5, 2016) and ECF 8 (Nov. 29, 2016).

In *Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n. 1 (4th Cir. 1990), the Fourth Circuit recognized that a district court may "properly take judicial notice of its own records." Moreover, "a court may properly take judicial notice of 'matters of public record' and other information that, under Fed. R. Evid. 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011); *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). However, pursuant to Fed. R. Evid. 201, a court may take judicial notice of adjudicative facts only if they are "not subject to reasonable dispute," in that they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

had failed to appear at the § 341 meeting on September 30, 2010. *Id.* Myers did not respond to the motion to dismiss. *See* docket, RAG-10-28695. Judge Gordon dismissed the case by Order of November 1, 2010. ECF 2-6.

On November 8, 2010, Myers filed a motion for reconsideration in the bankruptcy court, stating that he "did not receive notice" of the § 341 meeting "due to [his] failure to provide the court with [his] new mailing address." ECF 2-8. Myers also stated that he did not know that the meeting had been set until he attempted to attend a hearing on October 22, 2010, which had been cancelled. *Id.*; *see* RAG-10-28695, ECF 18. Notably, the notice of the hearing on October 22, 2010, was sent to the same address as the notice of the meeting of creditors, about one month after the notice of the meeting with creditors was supposedly sent to the wrong address. *Compare id.*, ECF 8 at 5 (certificate of notice) with *id.*, ECF 18-9 (certificate of service).

Myers filed an amended motion for reconsideration on November 23, 2010. ECF 2-10 ("First Motion to Reconsider"). It appears that the only modification made to ECF 2-8 was the addition of a certificate of service. *See* ECF 2-10.

Judge Gordon scheduled a hearing on the First Motion to Reconsider for January 5, 2011. RAG-10-28695, ECF 45. On January 2, 2011, the Chapter 13 Trustee opposed the First Motion to Reconsider, arguing that Myers was in default under the Chapter 13 Plan that he had filed; Myers had failed to attend the meeting of creditors; and Myers had failed to file "the required Chapter 13 filings." *See id.*, ECF 47.

On January 5, 2011, the bankruptcy court proceeded with the hearing on the Motion to Reconsider. *See* ECF 2-15. Myers failed to appear at the hearing. *See id.* Judge Gordon issued an amended order dismissing the case on January 31, 2011, "with prejudice against a new case being filed in bankruptcy by this Debtor for a period of 365 days . . . ." *Id.*

The bankruptcy court scheduled another hearing on February 8, 2011, with respect to an ancillary matter. *See* RAG-10-28695, ECF 58. At the hearing, pursuant to Fed. R. Bankr. P. 9023 and Fed. R. Civ. P. 59, Myers orally moved for the bankruptcy court to reconsider its amended order dismissing the case. *See* ECF 2-18. The bankruptcy court denied the motion by Order of February 13, 2011. *Id.*

At about the same time, on February 23, 2011, Myers's properties at 5734 and 5800 Emory Road in Upperco, Maryland sold at foreclosure for $225,000. The foreclosure actions were the subject of two appeals filed by Myers in the Maryland Court of Special Appeals, both of which upheld the foreclosures. *See Myers v. Katz*, No. 1058 and No. 2637, Sept. Term 2011 (Md. Ct. Spec. App. June 4, 2013) ("First Appeal"); *Myers v. Katz*, No. 1091, Sept. Term 2014, 2015 WL 6157305, at *1, 2 (Md. Ct. Spec. App. Oct. 19, 2015) ("Second Appeal"), *cert. denied*, 446 Md. 292, 132 A.3d 195 (2016).

In the Second Appeal, the Court of Special Appeals explained the history that led to the foreclosures and the conduct of Myers with respect to those proceedings. The court recounted that the Circuit Court for Baltimore County ratified the foreclosure sales on June 27, 2011. 2015 WL 6157305, at *1, 2. Myers then filed the First Appeal. The Maryland Court of Special Appeals affirmed, in an unreported, consolidated opinion issued on June 4, 2013. *Id.* In particular, the court "affirmed the circuit court's orders in both cases, holding that the court did not err in (1) ratifying the foreclosure sale, and (2) denying Myers's motion to vacate under Rule 2–535(b)." *Id.*

Thereafter, on April 7, 2014, Myers filed a second motion to vacate the judgment, which he later amended and supplemented. *Id.* And, on May 19, 2014, Myers filed a motion to alter or amend judgment, which related to the Auditor's Report and Account, which he also later

supplemented. *Myers*, 2015 WL 6157305, at 2. The substitute foreclosure trustee opposed all of the motions. *Id.*

In an order dated July 8, 2014, the Circuit Court for Baltimore County denied the motions. *Id.* That court noted that the motions were "'fraught with a rambling dissertation of bald allegations and conclusory statement[s] not indicative of any fact support.'" *Id.* Myers filed a motion to alter or amend the order, which the circuit court denied. *Id.*

On July 29, 2014, Myers noted the Second Appeal. Again, the Maryland Court of Special Appeals affirmed, concluding: "[T]he law of the case doctrine precludes further litigation of the issues that could have been raised in Myers's first appeal." *Id.* at 6. The court added, *id.*: "If Myers continues to attack a judgment that is clearly valid and final by imagining new reasons why he should win,[] Myers runs the risk of incurring sanctions in the form of attorneys' fees pursuant to Rule 1–341."

Thereafter, Myers filed a petition for writ of certiorari to the Maryland Court of Appeals. The petition was denied on February 22, 2016. *Myers v. Katz*, 446 Md. 292, 132 A.3d 195 (2016).

On July 1, 2016, after Myers was unsuccessful in State court, and more than five years after Judge Gordon issued his amended order dismissing the bankruptcy case, Myers filed a "Motion to Reopen Chapter 13 Case," pursuant to 11 U.S.C. § 350(b) and Fed. R. Bankr. P. 5010. ECF 2-19. The motion was supported by a memorandum of law. ECF 2-21 (collectively, "Motion to Reopen"). In the Motion to Reopen (ECF 2-19), Myers claimed, *inter alia*, that the bankruptcy court's order dismissing the case was void as inconsistent with due process because "all Notices and Orders, other than the one (1) Notice, sent November 11, 2010 (Doc 42), were sent to the wrong address . . . ." *Id.* ¶ 12. He also argued that the bankruptcy court should

reopen the case so as to "unwind the foreclosure sale" of his properties because, in his view, the Circuit Court for Baltimore County and the Maryland Court of Special Appeals improperly permitted the foreclosure sale to proceed. ECF 2-21 at 5, 6.

As indicated, the Interim Chapter 13 Trustee responded in opposition to the Motion to Reopen on July 18, 2016. ECF 2-22. In his Opposition, Vetter argued that the claims in Myers's Motion to Reopen were not cognizable under Rules 60(b)(3) and 60(b)(4). *Id.* ¶¶ 5-6. In addition, Vetter asserted that the Motion to Reopen was untimely. *Id.* ¶ 7.

On July 19, 2016, Myers submitted a "Motion to Supplement" his Motion to Reopen. RAG-10-28695, ECF 73. In the Motion to Supplement, Myers pointed out that the address to which the Clerk of the Bankruptcy Court mailed copies of notices in 2010 and 2011 was not the mailing address that Myers listed on the Petition. *Id.* Myers filed a reply in support of his Motion to Reopen on July 22, 2016. ECF 2-23. By Order of August 10, 2016, Judge Gordon denied the Motion to Reopen, without explanation. ECF 2-24.

While the Motion to Reopen was pending in the bankruptcy court, Myers filed two actions in this Court. In the first action, *Myers v. CFG Cmty. Bank*, CCB-16-3098, Myers claimed that the bankruptcy court violated his due process rights by mailing critical notices to the wrong address. *See id.*, ECF 1, ¶ 11. Further, Myers claimed that the case concerned a "wrongful foreclosure" because, in his view, the foreclosure of his properties was executed in violation of the bankruptcy court's automatic stay. *Id.* at 1. By Memorandum (*id.*, ECF 2) and Order (*id.*, ECF 3) of September 16, 2016, Judge Blake dismissed the case for lack of subject

matter jurisdiction, finding that the claims pertained to foreclosure and that federal courts lack jurisdiction over foreclosure actions. *Id.*, ECF 2 at 4.[3]

Shortly thereafter, on September 22, 2016, Myers filed the second case. *See Myers v. CFG Community Bank*, ELH-16-3220. In that case, Myers asserted claims similar to those in his first case. *See id.*, ECF 2. By Memorandum (*id.*, ECF 3) and Order (*id.*, ECF 4) of October 5, 2016, I dismissed the case for lack of subject matter jurisdiction. In my Memorandum, I explained that Myers's due process concerns failed to establish subject matter jurisdiction in this Court. *Id.*, ECF 3 at 5. And, I observed that his claims appeared to be barred by the doctrine of res judicata, based on Judge Blake's prior ruling. *Id.* at 6-8.

Myers then moved for reconsideration in this Court on October 12, 2016. *Id.*, ECF 5. He filed an amended motion for reconsideration on October 17, 2016. *Id.*, ECF 6. In essence, he claimed that the Court "misapprehended [his] position in this matter" and that his complaint actually turned on the bankruptcy court's "numerous violations of the due process clause of the Fifth Amendment . . . ." ECF 6 at 2.

By Memorandum (*id.*, ECF 8) and Order (*id.*, ECF 9) of November 29, 2016, I denied the motion for reconsideration. I explained that the relief sought by Myers in his amended complaint pertained to the foreclosure of his properties, and that federal courts lack subject matter jurisdiction over foreclosure matters, even where due process arguments are invoked. *Id.*, ECF 8 at 7-8. Moreover, I indicated that, to the extent Myers challenged the procedure used by the bankruptcy court, the proper procedure would have been to file an appeal in that court. *Id.* at 8. I said, *id.*: "As no appeal was noted, at this juncture, this court lacks jurisdiction to review the denial of the motion to reopen."

---

[3] Based on my review of the opinions issued by the Maryland Court of Special Appeals, it does not appear that Myers argued that the foreclosure violated the automatic stay.

On December 13, 2016, Myers filed a motion to reconsider in the bankruptcy court, asking Judge Gordon to vacate his Order denying the Motion to Reopen. ECF 2-25 ("Motion to Reconsider"). In his Motion to Reconsider, Myers argued that he was not "provided a full and fair opportunity to litigate the merits of this contested matter" because the bankruptcy court denied his motion "without holding an oral hearing as required by Rule 9014(a)." *Id.* ¶ 6. Myers also noted that Judge Gordon's Order denying the Motion to Reopen did not reference Myers's motion to supplement or otherwise justify the decision. *Id.* ¶ 7.

Also on December 13, 2016, Myers submitted a "Revised Motion to Reopen Chapter 13 Case", reasserting his earlier arguments concerning notice. RAG-10-28695, ECF 78. And, on December 13, 2016, Myers filed a "Motion to Vacate Dismissal, Set Aside Foreclosure Sale and Void Deed." ECF 2-26 ("Motion to Vacate").

Judge Gordon denied the Motion to Reconsider by Order of January 5, 2017. ECF 2-27. In his Order, Judge Gordon said:

> The Debtor has filed bankruptcy eight times including this case. An Amended Order (Dkt. No. 56) dismissing this case with prejudice was entered on 1/31/11. The Debtor was barred from refiling for one year from the entry of the Amended Order. The Amended Order was entered for the reasons identified in the Trustee's Objection (Dkt. No. 47) and as explained by the Court at the 1/5/11 hearing. The Debtor did not attend his Section 341 meeting of creditors, claiming a failure of notice, but did appear for a cancelled hearing on a lift stay motion (Dkt. No. 18) as to which the Court finds he did receive notice. The Debtor's conduct has been abusive of the bankruptcy system and the Court sees no reason whatsoever to undo the Amended Order.

In addition, by Order of January 5, 2017, Judge Gordon denied the Motion to Vacate, without explanation. ECF 2-28. However, it is apparent that the reasoning in ECF 2-27 is also applicable to ECF 2-28.

As indicated, Myers seeks review of Judge Gordon's orders denying his Motion to Reconsider (ECF 2-25) and his Motion to Vacate (ECF 2-26). Both the Motion to Reconsider

(ECF 2-25) and the Motion to Vacate (ECF 2-26) were made pursuant to Fed. R. Bankr. P. 9024, which provides that Fed. R. Civ. P. 60 "applies in cases under the [Bankruptcy] Code", with certain exceptions not pertinent here. In particular, Myers contends that Judge Gordon erroneously denied his Motion for Reconsider because, in Myers's view, Judge Gordon was required to hold a hearing on the merits of the Motion to Reopen and also on the merits of the Motion to Reconsider. *See* ECF 4 at 20-23. And, Myers contends that Judge Gordon's denial of his Motion to Vacate was erroneous as a matter of law. *Id.* at 23-30.

## II. Legal Standards

### A. Rule 60

Federal Rule of Civil Procedure 60(b) provides:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

To prevail on a motion under Rule 60(b), "a party must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, ___ F.3d ___, 2017 WL 2507729, at *2 (4th Cir. June 12, 2017).

Pertinent to the case *sub judice*, Rule 60(b)(4) permits a court to relieve a party from a final judgment if "the judgment is void." *Id.* An order is "void" only if the court lacked personal or subject matter jurisdiction or acted contrary to due process of law. *Wells Fargo*, 2017 WL 2507729, at *2.

Notably, Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." *Id.* at 313. And, "'[i]t is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal.'" *Wells Fargo*, 2017 WL 2507729, at *3 (citing *Dowell v. State Farm Fire and Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)) (alteration added).

Moreover, a party "must make a Rule 60(b) motion 'within a reasonable time,' Fed. R. Civ. P. 60(c)(1), and 'the movant bears the burden of showing timeliness.'" *Wells Fargo*, 2017 WL 2507729, at *3 (quoting *Moses v. Joyner*, 815 F.3d 163, 166 (4th Cir. 2016), *cert. denied sub nom. Moses v. Thomas*, ___ U.S. ___, 137 S. Ct. 1202 (2017)). In particular, Rule 60(c)(1), titled "Timing", provides: "A motion under Rule 60(b) must be made **within a reasonable time**—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." (Emphasis added).

Wright and Miller explain: "What constitutes reasonable time necessarily depends on the facts in each individual case.[]" C. Wright & A. Miller, *Federal Practice and Procedure*, § 2866 (3d ed.). Further, the authors state, *id.*: "The courts consider whether the party opposing the motion has been prejudiced by the delay in seeking relief[] and whether the moving party had some good reason for the failure to take appropriate action sooner.[]"

The Fourth Circuit's recent opinion in *Wells Fargo*, 2017 WL 2507729, provides guidance. In that case, the United States Bankruptcy Court for the Eastern District of North Carolina entered an order according PNC Bank ("PNC") priority over a deed of trust held by Wells Fargo Bank, N.A. ("Wells Fargo"). *Id.* at 1. After the bankruptcy case concluded in 2013, PNC foreclosed on the property at issue. *Id.* at 2. Two years after the bankruptcy court issued its order regarding the deed of trust, Wells Fargo moved to set aside that order, pursuant to Fed. R. Civ. P. 60(b)(4) and 60(b)(6). *Id.* The bankruptcy court denied Wells Fargo's motion, *inter alia*, on the ground that the motion was untimely. *Id.* Wells Fargo appealed and the district court affirmed on the basis that the judgment was not void under Rule 60(b)(4). *Id.* The district court further determined that Wells Fargo was not entitled to relief under Rule 60(b)(6) because the motion was untimely. *Id.* Wells Fargo then appealed to the Fourth Circuit. *Id.*

In conducting its review, the Fourth Circuit identified instances in which delays were found to be justified. *Id.* at *3. For example, it pointed to the Supreme Court's decision in *Klapprott v. United States*, 335 U.S. 601, 69 (1949), where the Supreme Court determined that a prisoner's four-year gap in moving for reconsideration was timely because the prisoner "faced significant obstacles to the protection of his interests: he was in prison, ill, and without funds to obtain counsel." *Wells Fargo*, 2017 WL 2507729, at *3. And, the Fourth Circuit also looked to the First Circuit's decision in *Bouret-Echevarria v. Caribbean Aviation Maintenance Corp.*, 784 F.3d 37 (1st Cir. 2015), in which the First Circuit "found that a three-and-a-half-month delay following notice was reasonable given the appellants' 'diligent efforts to strengthen the basis for their motion' during that time." *Wells Fargo*, 2017 WL 2507729, at *3 (quoting *Bouret-Echevarria*, 784 F.3d at 44).

By contrast, the Fourth Circuit determined that Wells Fargo's two year delay in moving to set aside a bankruptcy court's order was untimely. It reasoned: "At every critical juncture, Wells Fargo slept on its rights." *Wells Fargo*, 2017 WL 2507729, at *3. Notably, the Court observed that Wells Fargo "did not appeal the Order before the bankruptcy proceeding concluded." *Id.*

### B. Standard of Review

In general, the standard of review of a bankruptcy appeal in district court is the same standard used when an appellate court reviews a district court proceeding. *See* 28 U.S.C. § 158(c)(2) (providing that a bankruptcy appeal "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts . . . ."); *see also In re Health Diagnostic Lab., Inc.*, 15-32919-KRH, 2017 WL 2129849, at *2 (E.D. Va. May 16, 2017) (citing 28 U.S.C. § 158(c)(2)); *Conrad v. Schlossberg*, 555 B.R. 514, 515–16 (D. Md. 2016) (same); *Craddock Washabaugh v. Miller*, No. 1:16CV694, 2016 WL 4574690, at *1 (M.D.N.C. Sept. 1, 2016) (same). "On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings." *Harman v. Levin*, 772 F.2d 1150, 1153 n.3 (4th Cir. 1985) (internal quotations omitted); *see also In re LightSquared, Inc.*, 534 B.R. 522, 525 (S.D.N.Y. 2015) (recognizing, *inter alia*, the district court's power to remand with instructions for further proceedings).

The district court reviews the bankruptcy court's findings of fact under the "clear error" standard. *In re Taneja*, 743 F.3d 423, 429 (4th Cir. 2014); *Mort Ranta v. Gorman*, 721 F.3d 241, 250 (4th Cir. 2013). A finding of fact is clearly erroneous when the record demonstrates convincingly to the reviewing court that "a mistake has been committed." *United States v. U.S.*

*Gypsum Co.*, 333 U.S. 364, 395 (1948); *see, e.g.*, *Andrews v. America's Living Centers, LLC*, 827 F.3d 306, 312 (4th Cir. 2016); *United States v. Hall*, 664 F.3d 456, 462 (4th Cir. 2012). The bankruptcy court's conclusions of law are subject to *de novo* review. *In re Taneja*, 743 F.3d at 429; *In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010); *In re Biondo*, 180 F.3d 126, 130 (4th Cir. 1999.

The abuse of discretion standard is ordinarily applicable to the review of a bankruptcy court's denial of a motion made under Fed. R. Bankr. P. 9024 and Rule 60(b). *See Wells Fargo*, 2017 WL 2507729, at *2. But, in considering whether a judgment is void under Rule 60(b)(4), the standard of review is *de novo*. *See United States v. Shakoor*, 612 Fed. App'x 693, 694 (4th Cir. 2015) (per curiam); *Compton v. Alton S.S. Co.*, 608 F.2d 96, 107 (4th Cir. 1979) ("We are mindful that ordinarily the denial by the district court of a motion to vacate a judgment under 60(b) *on any ground other than that the judgment is void as a matter of law* may only be reversed for abuse of discretion.") (emphasis added); *see also, e.g.*, *Montes v. Janitorial Partners, Inc.*, ___ F.3d ___, 2017 WL 2602825, at *3 (D.C. Cir. June 16, 2017); *De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 748 (11th Cir. 2016); *Brumfield v. Louisiana State Bd. of Educ.*, 806 F.3d 289, 296 (5th Cir. 2015); *Fid. Nat. Fin., Inc. v. Friedman*, 803 F.3d 999, 1001 (9th Cir. 2015); *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 424 (1st Cir.), *cert. denied*, 136 S. Ct. 535 (2015).

In conducting its review of the bankruptcy court's ruling on a motion to vacate, the district court does not "review the merits of the underlying order but rather only whether the movant satisfied the requirements for Rule 60(b) relief." *Wells Fargo*, 2017 WL 2507729, at *2 (citing *MLC Auto., LLC*, 532 F.3d at 277). And, a reviewing court is not limited to the grounds on which the court below based its ruling. *Lawson v. Union Cnty. Clerk of Ct.*, 828 F.3d 239,

248 (4th Cir. 2016). Rather, a reviewing court may affirm "'on any basis fairly supported by the record.'" *Id.* (quoting *Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220, 222 (4th Cir. 2002)).

### III. Discussion

On review, I must determine whether Judge Gordon erred or abused his discretion in denying Myers's Motion to Reconsider (ECF 2-25; ECF 2-27) and his Motion to Vacate. ECF 2-26; ECF 2-28.

### A. Motion to Reconsider

As noted, Myers filed a Motion to Reopen the bankruptcy case, pursuant to 11 U.S.C. § 350(b) and Fed. R. Bankr. P. 5010. ECF 2-19. Judge Gordon denied the Motion to Reopen. ECF 2-24. That led Myers to file the Motion to Reconsider (ECF 2-25), which appears to have been filed pursuant to Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b)(4). Judge Gordon denied that motion. ECF 2-27.

Myers filed his Motion to Reconsider just over four months after Judge Gordon issued his order denying the Motion to Reopen. *See* ECF 2-25; ECF 2-27. Although the four month gap may be indicative of some delay, such delay appears excusable given the circumstances of this case and the fact that plaintiff is self-represented.

In his Brief, Myers contends that Judge Gordon erred in denying the Motion to Reconsider because, in his view, Fed. R. Bankr. P. 9014(d) required the bankruptcy court to hold a hearing on the motion and no hearing was held. ECF 4 at 22. In particular, Myers contends that inherent in the Motion to Reopen, and thus the Motion for Reconsider, was an "unresolved disputed issue of fact" concerning "the lack of Notice provided by the Court." *Id.* Myers asks, rhetorically, *id.*: "Without holding an oral hearing on the matter, how did the Court resolve this issue?"

In my view, the bankruptcy court did not err in denying the Motion for Reconsider.

Section 350 of 11 U.S.C. governs the closing and reopening of bankruptcy cases. It provides, *id.*:

> (a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.
>
> (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

And, Fed. R. Bankr. P. 5010 implements § 350. Rule 5010 provides:

> A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code. In a chapter 7, 12, or 13 case a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case.

Various courts have held that a motion to reopen a bankruptcy case is inappropriate under § 350(b) and Rule 5010 where the case was dismissed, rather than closed under § 350(a). *See In re Bowman*, 526 B.R. 802, 804 (8th Cir. BAP 2015) ("'[A] dismissed case cannot be reopened under § 350(b)[.]'") (citation omitted); *In re Income Prop. Builders, Inc.*, 699 F.2d 963, 965 (9th Cir. 1982) ("The word 'reopened' used in Section 350(b) obviously relates to the word 'closed' used in the same section. In our opinion a case cannot be reopened unless it has been closed."); *see also* COLLIER ON BANKRUPTCY (16th ed.) ("Collier"), § 9-5010.01 (observing that various courts have concluded that "a dismissed case could not be reopened under section 350(b)"). The Eighth Circuit Bankruptcy Appellate Panel has said: "[A] dismissal can be undone only through an appeal or a motion under Federal Rule of Bankruptcy Procedure 9023 or 9024." *In re Finch*, 378 B.R. 241, 246 (B.A.P. 8th Cir. 2007), *aff'd*, 285 Fed. App'x 326 (8th Cir. 2008).

This case was dismissed; it was not closed under § 350(a). Thus, the motion to reopen was inappropriate. It follows that Judge Gordon did not err or abuse his discretion in denying reconsideration of that motion.

Even if a motion to reopen under § 350 and Rule 5010 is appropriate in the context of a dismissed bankruptcy case, Judge Gordon did not err or abuse his discretion by failing to hold a hearing, either on the Motion to Reopen or the Motion to Reconsider. Fed. R. Bankr. P. 9014 governs "Contested Matters." Rule 9014(a) provides, *id.*: "In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." As explained by Collier, "Section 105 gives the bankruptcy court the power to fill in gaps and further the statutory mandates of Congress in an efficient manner." 2-105 Collier ¶ 105.01

Contrary to appellant's argument, Rule 9014(a) does not apply to motions to reopen. The Bankruptcy Appellate Panel for the Eighth Circuit considered this precise question in *In re Bowman*, 526 B.R. at 804. In *Bowman*, as here, the debtors/appellants argued that the bankruptcy court erred by denying their motion to reopen the case without a hearing. *Id.* The *Bowman* Court stated that "[t]he bankruptcy court was under no obligation" to hold a hearing. *Id.* It pointed out that Rule 9014(a) applies where there is a contested matter not otherwise governed by the rules, but that "a motion to reopen is 'otherwise governed' by another of 'these rules,' *i.e.,* Federal Rule of Bankruptcy Procedure 5010." And, it said: "'There is no requirement in § 350 that the court provide a hearing on a motion to reopen.'" *Id.* at 804-05 (quoting *In re Canal Street Ltd. P'Ship*, 269 B.R. 375, 380 (8th Cir. BAP 2001)) (alteration added). Similarly, in *In Re Canal Street Ltd. P'Ship*, 269 B.R. 375, the Eighth Circuit Bankruptcy Appellate Panel explained: "When Congress intended to require 'notice and a hearing' in the Bankruptcy Code, it

clearly knew how to do so. There are multiple instances throughout the Code where Congress expressly directs that 'notice and a hearing' are required.[] Unfortunately for the Creditor, § 350 is not one of them." *Id.* at 380.

In view of the foregoing, I am satisfied that the bankruptcy court did not err or abuse its discretion in denying the Motion for Reconsider without a hearing. Accordingly, I shall affirm the Order (ECF 2-27) of the bankruptcy court denying the Motion for Reconsider.

### B. Motion to Vacate

Myers challenges the order of the bankruptcy court (ECF 2-28) denying his Motion to Vacate. ECF 2-26. As indicated, the Motion to Vacate, filed in December 2016, pertained to the dismissal of the underlying bankruptcy case in January 2011. The Motion to Vacate was filed pursuant to Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b)(4).

Judge Gordon issued his amended order dismissing the case on January 28, 2011. ECF 2-15. Myers did not move to reopen the case until July 1, 2016 (ECF 2-19), and did not file the Motion to Vacate until December 13, 2016. ECF 2-26. Even using the date of the Motion to Reopen, Myers waited nearly five and one half years before beginning the process of seeking relief under Rule 60(b)(4). Moreover, Myers failed to provide any excuse for his substantial delay. *See* ECF 2-26.

From my review, the only discernable reason for the delay is that Myers was involved in litigation in State court, challenging the foreclosure of his properties. *See* ECF 4 at 18. *See Myers v. Katz*, No. 1091, Sept. Term 2014, 2015 WL 6157305 (Md. Ct. Spec. App. Oct. 19, 2015); *Myers v. Katz*, No. 1058 and No. 2637 Sept. Term 2011 (Md. Ct. Spec. App. June 4, 2013). As I see it, the bankruptcy court did not err or abuse its discretion in denying the Motion to Vacate because the motion was untimely. *See Wells Fargo*, 2017 WL 2507729, at *2.

In *McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991), the Fourth Circuit said: "We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." *See United States v. Johnson*, 668 Fed. App'x 450, 451 (4th Cir. 2016) (per curiam) (citing *McLawhorn* favorably). And in *Moses*, 815 F.3d at 166, the court observed that a delay of two and one half years and a separate delay of fifteen months "would be inordinate under any circumstances."

The Fourth Circuit and other courts of appeals have determined that it was not an abuse of discretion for a judge to deny a motion under 60(b) as untimely even when those motions were made far earlier than Myers's Motion to Vacate. *See, e.g.*, *Danielson v. Human*, ___ Fed. App'x ___, 2017 WL 544587, at *1 (4th Cir. Feb. 10, 2017) ("We conclude that the district court did not abuse its discretion in finding that [defendant's] Rule 60(b) motion, filed more than 2 years after entry of judgment and more than 10 months after an enforcement action was filed, was untimely."); *Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 861 (7th Cir. 2016) (affirming district court's ruling that a pro se party's five month delay in moving to vacate a judgment was untimely under Rule 60(b)); *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 211 (5th Cir. 2003) (affirming district court's finding that a Rule 60(b) motion was untimely because the moving party offered "no plausible excuse for ignoring the judgment of the district court . . . for some fourteen months . . . ."); *Nat'l Org. for Women v. Operation Rescue*, 47 F.3d 667, 668 (4th Cir. 1995) (affirming district court's ruling that a Rule 60(b) motion was untimely because it was filed "over a year after the event giving rise to the motion.").

As a self-represented litigant, Myers is not held to the same standard as an attorney. *See generally Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, in view of his five-year delay in

attempting to reopen the case to move for Rule 60(b) relief, it is reasonable to conclude that "Myers slept on[his] rights." *See Wells Fargo*, 2017 WL 2507729, at *3. Among other things, Myers could have pursued a direct appeal after Judge Gordon issued his orders in 2010 or 2011, or moved for reconsideration in 2011. *See id.* Notably, Myers knew about the notice issues by February 2011, when he orally moved for reconsideration before the bankruptcy court. Yet, he failed to note an appeal.

Given Myers's substantial and unjustified delay of more than five years in seeking relief, Judge Gordon did not err or abuse his discretion in denying the Motion to Vacate.

## IV. Conclusion

The bankruptcy court did not err or abuse its discretion in denying the Motion to Reopen or the Motion to Vacate. Accordingly, I shall AFFIRM the rulings of the bankruptcy court.

An Order follows, consistent with this Memorandum Opinion.

Date: June 30, 2017 /s/
Ellen L. Hollander
United States District Judge